UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MASHUD PARVES RANA,

               Plaintiff,

             against

MONIRUL ISLAM AND
FAHIMA TAHSINA PROVA
               Defendants.
------------------------------------------------------------------x

14 Civ. 1993 (SHS)
ECF CASE

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

Dated: New York, New York
       May 14, 2014

                                      H. BRUCE FISCHER, P.C.
                                      Attorneys for Defendants
                                      45 Rockefeller Plaza, Suite 2088
                                      New York, New York 10111
                                      (212) 957-3634

To:    Dana Sussman, Esq.
         Safe Horizon
         50 Court Street, 8th Floor
         Brooklyn, NY 11201
         (718) 943-8641

         Emily Shea, Esq.
         Dechert LLP
         1900 K Street NW
         Washington, D.C. 20006
         (202) 261-3378

## TABLE OF CONTENTS

FACTUAL BACKGROUND………………………………………………,...   1

LEGAL STANDARD ……………………………………………………   2

ARGUMENT…………………………………………………………..   3

    I. THIS COURT LACKS PERSONALJURISDICTION …………………   3

    II. THIS COURT LACKS SUBJECT MATTER JURISDICTION..………   4

    III. PLAINTIFF FAILS TO STATE A CLAIM……………………………   5

CONCLUSION………………………………………………………..   7

# TABLE OF AUTHORITIES

**Cases**

Ahmed v. Hoque, 2002 WL 1964806 (S.D.N.Y. Aug. 23, 2002)............................. 5

Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,
    733 F.2d 1087 (4th Cir. 1984)........................................................ 2,4

Ashcroft v. Iqbal,
    556 U.S. 662, 678 ((2009)............................................................ 3

ATSI Comm., Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007)...................... 5

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 570 (2007)............................................................ 3

Burda Media, Inc. v. Viertel, 417 F.3d 292............................................ 2

Dickerson v. Napolitano, 604 F.3d 732 (4th Cir. 2010).............................. 2,4

In re Elevator Antitrust Litig., 502 F.3d 47 (2d Cir. 207)............................ 3

Kamen v. American Tel. & Tel. Co., 791 F.2d 1006 (2d Cir.1986)........................ 6

Kermanshah v. Kermanshah, 580 F.Supp. 247 (S.D.N.Y. 2008)............................. 6

Koehler v. Dodwell, 152 F.3d 304 (4th Cir. 1998).................................... 2,4

Lerner v. Fleet Bank, N.A., 459 F.2d 273 (2d Cir. 2006)............................... 6

Makarova v. U.S., 201 F.3d 100 (2d Cir. 2000)......................................... 2

Malik v. Meissner, 82 F.3d 560 (2d Cir.1996).......................................... 2

Mills v. Polar Molecular Corp., 12 F.3d 1170 (2d Cir. 1993)......................... 3,6

Ross v. A.H. Robins Co., 607 F.2d 545 (2d Cir. 1979)
    *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175 (1980)................................. 6

Thomas v. Little Flower For Rehabilitation & Nursing,
    793 F.Suppp. 2d 544 (E.D.N.Y. 2011)................................................ 3

Weixum v. Xilai, 568 F.Supp.2d 35 (D.D.C.2008)........................................ 5

Wexner v. First Manhattan Co., 902 F.2d 169 (2d Cir. 1990)............................ 6

380544 Canada, Inc. v. Aspen Technology, Inc.,
    633 F.Supp.2d 15 (S.D.N.Y. 2009)................................................... 6

**Statutes**

| | |
|---|---|
| Fed. R. Civ. P. 4(f)(1)………………………………………………………………… | 2,3,4 |
| Fed. R. Civ. P. 9(b)…………………………………………………………………… | 5 |
| Fed.R.Civ.P. 12(b)(1)………………………………………………………………… | 1,2,3 |
| Fed. R. Civ. P. 12(b)(2)……………………………………………………………… | 1 |
| Fed. R. Civ. P. 12(b)(5)……………………………………………………………… | 1,2,4 |
| Fed. R. Civ. P. 12(b)(6)……………………………………………………………… | 1,3 |
| 22 U.S.C. § 254d……………………………………………………………………… | 5 |

**Conventions & Treaties**

| | |
|---|---|
| Vienna Convention on Diplomatic Relations, April 14, 1961, Article. 31………………….. | 4 |
| Vienna Convention on Diplomatic Relations, April 14, 1961, Article. 37……………….. | 4 |

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MASHUD PARVES RANA,

                            Plaintiff,

    -against-

MONIRUL ISLAM AND
FAHIMA TAHSINA PROVA,
                          Defendant.
------------------------------------------------------------------X

**CIVIL ACITION NO.
14-cv-1993 (SHS)
ECF CASE**

**MEMORANDUM OF
LAW IN SUPPORT OF
DEFENDANTS'
MOTION TO DISMISS**

       Defendants, Monirul Islam and Fahima Tahsina Prova (hereinafter "Defendants"), by and through their attorneys, hereby respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Complaint with Prejudice pursuant to Fed. R. Civ. P. 12(b)(5), 12(b)(2), 12(b)(1) and 12(b)(6).

### FACTUAL BACKGROUND

       Plaintiff, Mahud Parves Rana (hereinafter "Plaintiff" or "Rana"), alleges he was hired by Defendants in Bangladesh and flown to the United States to work as a domestic worker. Complaint, ¶¶11, 26, 31, 38). Defendant Islam was the Consul General of Bangladesh in New York City from September 2012 until March, 2014. (Complaint, ¶¶9,14). Defendant Prova is the wife of Defendant Islam. (Complaint, ¶16). Defendants lived in properties leased by the government of Bangladesh while they were in New York City. (Decl. of Ellen M. Nichols, Exhibt A, ¶7). Plaintiff alleges he was required to perform services for gatherings hosted by Defendant Islam in his capacity as Consul General for Bangladesh at the Consulate and at the

Consul General's residence. (Complaint, ¶¶14, 41, 42). Defendant Islam's assignment as Consul General to the United States ended on March 23, 2014 and he was relocated effective March 23, 2014. (Decl. of Ellen M. Nichols, Exhibit A, ¶¶3,4,5). Defendants Islam and Prova left the United States on March 23, 2014. (Decl. of Ellen M. Nichols, Exhibit A,.¶¶3,4). The affidavits of service filed by Plaintiff assert service was made on or about March 24, 2014. (Decl. of Ellen M. Nichols, Exhibits Exhibits B and C. Defendants were in Morocco on March 24, 2014. (Decl. of Ellen M. Nichols, Exhibit A, ¶¶3,4).

## LEGAL STANDARD

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a foreign corporation or individual may be properly served in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Fed. R. Civ. P. 4(f)(1). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (4th Cir. 2010) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)) (internal quotation marks omitted). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304 (4th Cir. 1998) (citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)). "The…plain requirements for the means of effecting service of process may not be ignored." Armco, 733 F.2d at 1089.

A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. Makarova v. U.S., 201 F.3d 100, 113 (2d Cir. 2000); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996). A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or

constitutional power to adjudicate it. Fed.R.Civ.P. 12(b)(1). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, may refer to evidence outside the pleadings. See Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir.1986).

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must ordinarilty accept the factual allegations in the complaint as true. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.;" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). Ultimately, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss; and 'd]etermimg whether a complaint states a plausible claim for relief  will…be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Thomas v. Little Flower For Rehabilitation & Nursing, 793 F.Suppp. 2d 544, 546 (E.D.N.Y. 2011). Plaintiff bears the burden to allege "enough facts to 'nudge [its] claims across the line from conceivable to plausible.'" In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 207) (citation omitted).

**ARGUMENT**

**I. This Court Lacks Personal Jurisdiction Over Defendants**

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a foreign corporation or individual may be properly served in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Fed. R. Civ. P. 4(f)(1). "[W]hen a defendant

moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (4th Cir. 2010) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)) (internal quotation marks omitted). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304 (4th Cir. 1998) (citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)).

Here, Plaintiff failed to comply with the requirements of Fed. R. Civ. P. 4(f)(1). The Returns of Service filed by Plaintiff indicate that the Summons and Complaint were served on a vaguely described person at the alleged residence of Defendants', after the Defendants left the United States for Defendant Islam's current diplomatic assignment in Morocco. See Decl. of Ellen M. Nichols, Exhibits A, B. and C. Plaintiff has filed no documents demonstrating efforts to effectuate service on Defendants in accordance with Fed. R. Civ. P. 4(f)(1). Plaintiff's failure to properly serve Defendants deprives this court of personal jurisdiction over Defendants.

**II. This Court Lacks Subject Matter Over Defendants**

Defendants are immune from this action by virtue of their diplomatic immunity. The privileges and immunities accorded to diplomatic agents are specified by the Vienna Convention on Diplomatic Relations (hereinafter "VCDR"). Pursuant to Article 31 of the VCDR, diplomatic agents, such as Defendant Islam, have near-absolute immunity from civil liability in the receiving state: A diplomatic agent shall enjoy immunity from its civil and administrative jurisdiction, with limited exceptions. VCDR Art. 31. Article 37 of the VCDR extends immunity to the family members of diplomatic agents, such as Defendant Prova.

Under the Diplomatic Relations Act, "[a]ny action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the

Vienna Convention on Diplomatic Relations ... shall be dismissed." 22 U.S.C. § 254d. Courts have construed 22 U.S.C. § 254d as a jurisdictional limitation. See Ahmed v. Hoque, 01 Civ. 7224(DLC), 2002 WL 1964806, at *8 (S.D.N.Y. Aug. 23, 2002) ("This Court is without subject matter jurisdiction to consider the plaintiff's claims, for the defendants [foreign minister to the U.N. and his wife] are immune from suit."); Weixum v. Xilai, 568 F.Supp.2d 35, 39 (D.D.C.2008) (dismissing for "lack of jurisdiction" action against foreign official entitled to immunity).

Plaintiff's Complaint painstakingly alleges that he was retained by Defendants to perform domestic services for them while Defendant Islam was posted as Consul General in the United States. The Complaint further alleges that he was required to perform services at the Bangladesh Consulate as well as the diplomatic residence. Pursuant to the VCDR and 22 U.S.C §254d, this Court lacks subject matter jurisdiction over the Defendants as they are immune from suit because their employment of Plaintiff was incidental to Defendant Islam's diplomatic post as Consul General for Bangladesh. Accordingly, Plaintiff's Complaint must be denied in its entirety as this Court lacks subject matter jurisdiction over the Defendants.

### III. Plaintiff Fails to State a Claim

Plaintiff's Fraudulent Misrepresentation Claim fails as a matter of law. A plaintiff must state the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level. ATSI Comm., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 89 (2d Cir. 2007). requires that "[I]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). It has long been the rule in this Circuit that in order to comply with Rule 9(b), a complaint "must (1) specify the statements that

5

the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet Bank, N.A., 459 F.2d 273, 290 (2d Cir. 2006), quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). The fraud allegations must be sufficiently specific to give the defendant "a reasonable opportunity to answer the complaint." Ross v. A.H. Robins Co., 607 F.2d 545, 557 (2d Cir. 1979) *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175 (1980), quoted in Kermanshah v. Kermanshah, 580 F.Supp. 247, 257 (S.D.N.Y. 2008). In order to make out a claim for fraud, a plaintiff must alleged scienter, while Rule 9(b) permits that intent can be pled generally, plaintiff must still allege specific facts giving rise to a strong inference of fraudulent intent. Wexner v. First Manhattan Co., 902 F.2d 169, 172 (2d Cir. 1990), 380544 Canada, Inc. v. Aspen Technology, Inc., 633 F.Supp.2d 15, 29 (S.D.N.Y. 2009).

Plaintiff's complaint fails to comply with the requirements of Rule 9(b) and this Circuit in pleading fraudulent misrepresentation. Accordingly, Plaintiff's Tenth Cause of Action must be dismissed for failure to state a claim.

[cont'd on next page]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss Plaintiff's Complaint in its entirety with Prejudice.

Dated: May 14, 2014
       New York, NY

                                        Respectfully Submitted,

                                        H. BRUCE FISCHER, P.C.

                             By: _____
                                        Ellen M. Nichols
                                        Of Counsel

                                        45 Rockefeller Plaza
                                        Suite 2088
                                        New York, NY 10111
                                        Tel:  (212) 957-3634

                                        Attorneys for Defendants

To:    Dana Sussman, Esq.
        Safe Horizon Anti-Trafficking Program
        50 Court Street, 8th Floor
        Brooklyn, New York 11201
        Tel: (718) 943-8641
        Fax: (718) 943-8653

        Emily Shea, Esq.
        Dechert LLP
        1900 K Street NW
        Washington, D.C. 20006
        (202) 261-3378