UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MASHUD PARVES RANA,

        Plaintiff,

                                                               **14 Civ. 1993 (SHS)**
                                                               **ECF CASE**

        against

MONIRUL ISLAM AND
FAHIMA TAHSINA PROVA
        Defendants.
------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO DISMISS**


Dated: New York, New York
       June 4, 2014

                                                  H. BRUCE FISCHER, P.C.
                                                  Attorneys for Defendants
                                                  45 Rockefeller Plaza, Suite 2088
                                                  New York, New York 10111
                                                  (212) 957-3634

To:    Dana Sussman, Esq.
         Safe Horizon
         50 Court Street, 8th Floor
         Brooklyn, NY 11201
         (718) 943-8641

         Emily Shea, Esq.
         Dechert LLP
         1900 K Street NW
         Washington, D.C. 20006
         (202) 261-3378

## TABLE OF CONTENTS

| | | |
|---|---|---:|
| **PRELIMINARY STATEMENT**……………………………………………….. | | 1 |
| **FACTUAL BACKGROUND**……………………………………………,..... | | 3 |
| I. | Defendants Did Nothing Wrong…………..………………………. | 3 |
| II. | Plaintiff Did Not Effectuate Service……………….……………… | 4 |
| **ARGUMENT**……………………………………………………………….. | | 5 |
| I. | There Was No Service of Process…………………………………. | 5 |
| II. | This Court Lacks Subject Matter Jurisdiction…………………….. | 7 |
| III. | Plaintif Fails to State a Claim    …………………………… | 8 |
| **CONCLUSION**……………………………………………………………….. | | 9 |

## TABLE OF AUTHORITIES

**Cases**

Acito v. IMCERA Group, Inc., 47 F.3d 47 (2d Cir. 1995)……..………..…    9

Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d. 1087 (4th Cir. 1984)………..    6

ATSI Comm., Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007)………………….    5

Burda Media, Inc. v. Viertel, 417 F.3d 292……………………………………    6

Dickerson v. Napolitano, 604 F.3d 732 (4th Cir. 2010)……………………………… 6

Koehler v. Dodwell, 152 F.3d 304 (4th Cir. 1998)……………………………….    6

Lerner v. Fleet Bank, N.A., 459 F.2d 273 (2d Cir. 2006)…………………………… 8

Mills v. Polar Molecular Corp., 12 F.3d 1170 (2d Cir. 1993)…………………….    8

Nat"l Dev. Co. v. Triad Holding Corp., 930 F.2d 253 (2d Cir. 1991)…………………    6

Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)…………………..    9

Volkswagenwerk Aktiengesellschaft v. Schlunk,486 U.S. 694 (1988)…………………..    5

**Statutes**

Fed. R. Civ. P. 4(e)(2)(B)……………………………………………………    5

Fed. R. Civ. P. 4(f)(1)……………………………………………………….    6

Fed. R. Civ. P. 9(b)…………………………………………………………    9

Fed.R.Civ.P. 12(b)(1)………………………………………………………    1

Fed. R. Civ. P. 12(b)(2)…………………………………………………….    1

Fed. R. Civ. P. 12(b)(5)…………………………………………………….    1

Fed. R. Civ. P. 12(b)(6)…………………………………………………….    1

22 U.S.C. § 254d…………………………………………………………    5

**Conventions & Treaties**

Vienna Convention on Diplomatic Relations, April 14, 1961………..………….    7

Vienna Convention on Consular Relations, April 24, 1963……………………….7

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MASHUD PARVES RANA,

                      Plaintiff,

    -against-

MONIRUL ISLAM AND
FAHIMA TAHSINA PROVA,
                      Defendant.
------------------------------------------------------------------X

CIVIL ACITION NO.
14-cv-1993 (SHS)
ECF CASE

REPLY MEMORANDUM
OF LAW IN FURTHER
SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

      Defendants, Monirul Islam and Fahima Tahsina Prova (hereinafter "Defendants"), by and through their attorneys, hereby respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss the Complaint with Prejudice pursuant to Fed. R. Civ. P. 12(b)(5), 12(b)(2), 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

      Plaintiff worked for Defendants from September 2012, until he abandoned his job and residence on March 2, 2014. During his tenure with Defendants, he was not subject to coercion, force or any other conduct that would violate the laws of the United States or the State of New York.

      In December 2013, Defendant Islam was appointed by the Bangladesh Government to the position of Ambassador for Bangladesh to Morocco. At that time he received orders to report to Morocco as soon as possible. In February 2014, having not left New York, he again was ordered to report to Morocco effective March 1, 2014. On or about March 1, 2014, Defendant Islam

requested a three week extension of his reporting date in Morocco so he could convince Plaintiff to either join his family in Morocco or return to Bangladesh. Defendant Islam had asked Plaintiff to join him and his family in Morocco, but Plaintiff refused to leave the United States. On March 2, 2014, Plaintiff abandoned his job and residence without notice. Defendants were unable to locate Plaintiff prior to their scheduled departure date of March 23, 2014. On Friday, March 21, 2014, Plaintiff filed the instant suit. The New York Daily News published a sensational article summarizing the allegations made in the lawsuit on Friday, March 21, 2014. On Saturday and Sunday, March 22 and 23, 2014, two Bangladesh news organizations quoted Defendant Islam responding to allegations in the Daily News article. On Sunday, March 23, 2014, Defendants Islam and Prova, along with their son traveled on Royal Maroc Airlines out of John F. Kennedy Airport in New York to Morocco. On Monday, March 24, 2014, Defendants were living in Morocco.

Plaintiff tries to avoid responsibility for having to comply with the Federal Rules of Civil Procedure by claiming Defendants had actual notice, but notice through a newspaper article published on the day of filing is not the actual notice required by the letter and spirit of the rules of fair play set forth in the procedural laws of the United States and State of New York.

In Plaintiff's efforts to convince the court that service was sufficient, Plaintiff provides bits of information out of context to support their claims of proper service. The information provided by Plaintiff is erroneous in that Plaintiff has selectively provided information in order to force the assertion that service was effectuated. Plaintiff's efforts are without merit as set forth below.

Plaintiff next rebuts Defendants argument that this court does not have subject matter jurisdiction, by attempting to show the court that the United States did not recognize Defendant

Islam as a diplomat, but fails to show the court that the United States recognized Defendant Islam as Consul General effective September 14, 2012. Again, Plaintiff's arguments are without merit.

Finally, Plaintiff agrees to dismissal of the tenth cause of action against Defendant Islam. Plaintiff insists that the cause of action remain against Defendant Prova, but as set forth below, Plaintiff's argument is meritless.

## FACTUAL BACKGROUND

### I.  Defendants Did Nothing Wrong

Plaintiff, Mahud Parves Rana (hereinafter "Plaintiff" or "Rana"), alleges he was hired by Defendants in Bangladesh and flown to the United States to work as a domestic worker. Complaint, ¶¶11, 26, 31, 38). Defendant Islam was the Consul General of Bangladesh in New York City from September 2012 until March, 2014. (Complaint, ¶¶9,14). Defendant Prova is the wife of Defendant Islam. (Complaint, ¶16). Defendants lived in properties leased by the government of Bangladesh while they were in New York City. ECF No. 16, Ex. A, ¶7. Plaintiff alleges he was required to perform services for gatherings hosted by Defendant Islam in his capacity as Consul General for Bangladesh at the Consulate and at the Consul General's residence. (Complaint, ¶¶14, 41, 42). Defendant Islam was appointed as the Ambassador for Bangladesh to Morocco in December 2013. Exhibit B.[1] In February 2014, Defendant Islam was ordered to report to Morocco the first week of March 2014. Exhibit G. Defendant Islam's assignment as Consul General to the United States ended on March 23, 2014 and he was relocated effective March 23, 2014. Defendants Islam and Prova left the United States on March

---

[1] All lettered exhibits not preceded by a an ECF number are exhibits to the Declaration of Ellen M. Nichols in Support of Defendants' Reply papers .

3

23, 2014. The affidavits of service filed by Plaintiff assert service was made on or about March 24, 2014. ECF No. 3, 4. Defendants were living in Morocco as of March 24, 2014. ECF No. 16, Ex. A, ¶¶3. 4; Islam Aff (Ex. E., ¶8. Prova Aff., ¶11.

## II.     Plaintiff Did Not Effectuate Service

The facts are that Plaintiff filed the Complaint on Friday, March 21, 2014. See ECF No. 1. That same day, an article ran in the New York Daily News setting forth the allegations made by Plaintiff against Defendants. Exhibit A. This article and not service of process was how Defendant Islam became aware of Plaintiff's lawsuit against him and his wife. Islam Aff., ¶ 10. By the time Plaintiff filed his suit on Friday, March 21, 2014, Defendants were scheduled to leave New York on Sunday, March 23, 2014. Islam Aff., ¶¶ 4,7, Prova Aff., ¶¶7, 10.

Plaintiff's main argument in opposition to Defendants' motion to dismiss is that Defendants' "dodged" service because Defendant Islam knew about the lawsuit as early as Saturday, March 22, 2014. Plaintiff's theory is belied by the facts. On December 23, 2013, the same news organization Plaintiff cites in Exhibit 1 to ECF No. 18, ran a story announcing that the Bangladesh government had decided to appoint Defendant Islam as the new envoy to Morocco. Exhibit B. Defendant Islam learned of his appointment to Morocco and was preparing for his departure from New York since December 2013. Islam Aff., ¶¶3, 4, Prova Aff., ¶¶6,7.

Defendants believe Plaintiff is trying to imply that Defendant Islam was still in residence in New York on March 24, 2014 because Plaintiff also contends that Defendant Islam's name remained on the New York Consulate General's website well into May and supports this contention by including Defendant Islam's profile as Consul General from the Consulate

4

General's webpage. See Exhibit 4 to ECF No. 18. However, Plaintiff fails to mention that this profile is accessible by clicking the link provided on the same webpage which lists the Consuls General in New York and the dates in which they served as Consul General. Exhibit C. The Consulate General of Bangladesh's webpage lists Defendant Islam's dates of service as Consul General as September 5, 2012 to March 23, 2014. Exhibit C.

Plaintiff was on notice of Defendants' plans to go to Morocco at least as early as February. ECF No. 1, ¶64; Prova Aff., ¶7. Plaintiff alleges he escaped his alleged captors just three weeks before Defendants were scheduled to leave New York.. ECF No. 1, ¶ 70. Then, Plaintiff files the suit on a Friday, a mere two days prior to Defendants' departure from the United States.

## ARGUMENT

### I. There Was No Service of Process

Plaintiff's reliance on Volkswagenwork Aktiengesellchaft v. Schlunk, 486 U.S. 694, (1988), is misplaced. Unlike the corporate defendants in Schlunk, the Defendants here are foreign individuals who left the jurisdiction on March 23, 2014, three months after learning of Defendant Islam's assignment in Morocco and being ordered on more than one occasion to report to Morocco. Exhibit G, Islam Aff., ¶¶3, 7, Prova Aff., ¶¶6,10. Contrary to Plaintiff's assertions, Defendants did not "skip town" and they were not living in New York on March 24, 2014. Islam Aff., ¶¶7,8, Prova Aff.,¶¶10,11.

Plaintiff failed to establish a prima facie case of proper service. Plaintiff asserts that service of process was established under Fed. R. Civ. P. 4(e)(2)(B) because the process server delivered the summons and complaint to the concierge at the address where Defendants allegedly resided. However, this is not true. Service of Process can only be achieved under Fed. R. Civ. P.

4(e)(2)(B) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." [emphasis added]. In this instance, Plaintiff has not demonstrated that Mr. Raden resided at 60 West 57th Street, New York, NY 10019 at the time he accepted the documents from Mr. Hollingsworth. ECF Nos. 3, 4, 18, Exhibits. 7,8. Plaintiff relies on ECF 18, Ex. 4 to insinuate that Defendant Islam held himself out as "publicly residing in New York," but as stated earlier, that document is accessible by clicking on his name in the list of former Consuls General on the Consulate General of Bangladesh website. Exhibit C.

     Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a foreign individual may be properly served in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Fed. R. Civ. P. 4(f)(1). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (4th Cir. 2010) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)) (internal quotation marks omitted). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304 (4th Cir. 1998) (citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)). Plaintiff here has failed to establish a prima facie case of that service was proper.

     Plaintiff improperly relies on case law which is distinguishable from the facts of this case. All of the cases cited by Plaintiff involve parties with multiple places of residence. See Nat'l Dev. Co. v. Triad Holding Corp, 930 F.2d 253 (2d Cir. 1991) (where Defendant was staying at the residence on the date service was made to the live in housekeeper). In this instance, the Defendants do not maintain multiple residences. He is a diplomat who serves at the

pleasure of the government of Bangladesh. His assignment in New York was to have ended by March 1, 2014. Islam Aff., ¶4. Neither Defendant was in or resided in New York on March 24, 2014. Islam Aff., ¶¶7, 8; Prova Aff., ¶¶10,11. The facts show that Plaintiff was aware of the Defendants impending relocation as early as February 2014. ECF No. 1, ¶ 64. Plaintiff argues Defendants had actual notice of the claims against them. Plaintiff should not be rewarded because the New York Daily News published Plaintiff's story the same day the Complaint was filed in an obvious attempt to circumvent the service requirements of the Federal Rules of Civil Procedure. Exhibit A.

For the foregoing reasons, Plaintiff has failed to effect proper service on Defendants. Accordingly, this court lacks personal jurisdiction and the Complaint should be dismissed. Plaintiff also argues that Defendants had actual notice of the Complaint. Plaintiff supports this theory by pointing to quotes attributed to Defendant Islam wherein Defendant Islam refutes the claims that Plaintiff was subjected to slave like conditions. Plaintiff, however, fails to notify the court that the New York Daily News published Plaintiff's story on the very day Plaintiff filed his complaint. Exhibit A. Imputing actual knowledge to Defendants based on Plaintiff's questionable behavior would result in an unjust result. Accordingly, Defendants respectfully request the court deny Plaintiff's request to order service upon Defendants' attorneys.

**II. This Court Lacks Subject Matter Over Defendants**

The privileges and immunities accorded to diplomatic agents are specified by the Vienna Convention on Diplomatic Relations (hereinafter "VCDR") and the Vienna Convention on Consular Relations (hereinafter "VCCR"). Pursuant to Article 43 of the VCCR, Consular officials and employers shall not be amenable to the jurisdiction of the judicial or administrative

authority of the receiving state in respect to acts performed in the exercise of consular functions.

Contrary to Plaintiff's argument, Judge Hellerstein did not reject the argument that a consul general was not entitled to immunity. Judge Hellerstein noted in that instance that Defendant had produced no evidence that the United States recognized Defendant's immunity. Bhadrwaj v. Dayal, No. 11-4170, Mot. to Dismiss Hr'g Tr. Nov. 30, 2011 (ECF No. 18, Ex. 5) at 7:9-20, 12:12—13:15. Here, Exhibit D demonstrates that the United States recognized Defendant Islam's status as of September 14, 2012. Thus, distinguishing Judge Hellerstein's decision at the Motion to Dismiss hearing in Bhardwaj v. Dayal. Accordingly, Defendants maintain that Defendant Islam held consular immunity as he was recognized by the United States Government effective September 14, 2012. Exhibit D. Restatement (Third) of Foreign Relations Law of the United States §464 (1987) (" In the United States, a person's diplomatic status is established when it is recognized by the Department of State") Because Defendant Islam was recognized by the United States as the Consul General, consular immunity attaches to him.

### III.  **Plaintiff Fails to State a Claim**

Plaintiff's fraudulent misrepresentation claim against Defendants fails as a matter of law. Plaintiff generally alleges vague time periods during which Defendant Prova allegedly made false promises to him. This is not enough . It has long been the rule in this Circuit that in order to comply with Rule 9(b), a complaint "must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet Bank, N.A., 459 F.2d 273, 290 (2d Cir. 2006), quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). ATSI Comm., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 89 (2d Cir. 2007). requires that "[I]n

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Although "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally," Fed R. Civ. P. 9(b), this leeway is not a "license to base claims of fraud on speculation and conclusory allegations." Acito v. IMCERA Group, Inc., 47 F.3d 47, 52 (2d Cir.1995) (internal quotation marks and citation omitted). "[P]laintiffs must allege facts that give rise to a strong inference of fraudulent intent," which may be established "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Id. (quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994)).

Plaintiff's complaint fails to comply with the requirements of Rule 9(b) and this Circuit in pleading fraudulent misrepresentation.  Accordingly, Plaintiff's Tenth Cause of Action must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss Plaintiff's Complaint in its entirety.

Dated: June 4, 2014
      New York, NY

Respectfully Submitted,

H. BRUCE FISCHER, P.C.

By:   /s/ Ellen M. Nichols
      Ellen M. Nichols
      Of Counsel

      45 Rockefeller Plaza
      Suite 2088
      New York, NY 10111
      Tel:  (212) 957-3634

      Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2014, true and correct copies of the foregoing **Defendants' Reply Memorandum in Further Support of Defendants' Motion to Dismiss** and **Declaration of Ellen M. Nichols In Support of Defendants' Motion to Dismiss** were electronically filed with the clerk of this court using the CM/ECF System, which will send notice of such filing to the following counsel of record:

Dana Sussman, dana.sussman@safehorizon.org

Emily Shea, Emily.shea@dechert.com

Dated: June 4, 2014  /s/ Ellen M. Nichols
                    Ellen M. Nichols