UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :

MASHUD PARVES RANA,                 :

                                Plaintiff,     :
                                                           :     No. 14-CV-01993 (SHS)
                      -against-     :

MONIRUL ISLAM and                 :     ECF Case

FAHIMA TASHINA PROVA,         :

                               Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S SURREPLY
<u>IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

     On June 24, 2014, this Court granted Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendants' Motion to Dismiss (ECF No. 23). Plaintiff respectfully submits this surreply brief in further opposition to Defendants' Motion to Dismiss.

<u>**PRELIMINARY STATEMENT**</u>

     Three weeks after Plaintiff Mashud Parves Rana's escape from Defendants' home, where he was enslaved for nearly 18 months, Mr. Rana filed this suit and immediately sought to serve Defendants at their Manhattan apartment. After attempting to personally serve Defendants three times – one time, observing that the apartment was occupied and that the occupants refused to answer the door – the process server left the summons and Complaint with the doorman, who confirmed that Defendants resided in the building. In their Motion to Dismiss, Defendants attack Plaintiff's service of process by arguing solely (and erroneously) that Defendants should have been served pursuant to the Hague Convention, yet never deny that they were actually served. Mot. to Dismiss at 3-4. In their Reply, Defendants now submit two new affidavits in which they

*admit receipt of service*, establishing both that Defendants had actual notice of the Complaint *and* that service was proper because it was effected at what was, on March 24, 2014, Defendants' "dwelling or usual place of abode." For this reason, and for those articulated in Plaintiff's Opposition Brief, Defendants' Motion to Dismiss the Complaint should be denied in its entirety.

## ARGUMENT

Plaintiff's Opposition Brief demonstrated that Mr. Rana established a prima facie case that service on the doorman at Defendants' Manhattan apartment was sufficient, and that Defendants failed to rebut this presumption of proper service because they did not submit a "sworn denial of service" or "swear to specific facts to rebut the statements in the process server's affidavits." Opp'n Br. at 9-13 (citing, among other cases, *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002)). In their Reply, Defendants not only failed (for a second time) to deny receipt of service, **Defendants submitted sworn statements admitting that they received service**. Defendant Islam admits that "[i]n early April 2014" – shortly after service was made on the doorman at Defendants' Manhattan apartment on March 24, 2014 – "the Consulate in New York informed me that a Complaint against me had been picked up from my old apartment still hired by the Consulate." Islam Supp. Aff. (ECF No. 20-6 (Ex. E)) ¶ 11; *see also* Prova Aff. (ECF No. 20-6 (Ex. F)) ¶ 12 ("My husband told me in early April 2014 that the Consulate had picked up a court summons in our names."). Thus, not only did Mr. Rana satisfy the provisions of Rule 4(e) by leaving the summons and Complaint at Defendants' "dwelling or usual place of abode with someone of suitable age and discretion,"[1] but

---

[1] Defendants' cursorily argue that service on the doorman was not effective because the doorman does not "reside" at the Manhattan apartment. However, this argument has been rejected by courts in this District. *See, e.g.*, *131 Main St. Assocs. v. Manko*, 897 F. Supp. 1507, 1525 (S.D.N.Y. 1995). Furthermore, the New York rule does not require that the "person of suitable age and discretion" reside at the place where service is made. *See* N.Y. C.P.L.R. 308(2).

1

Mr. Rana's method of service actually notified Defendants of the Complaint.  As discussed in Plaintiff's Opposition Brief, where the defendant has received actual notice of the complaint, the service rules "should be liberally construed to effectuate service."  Opp'n Br. at 13 (quoting *Karlsson v. Rabinowitz,* 318 F.2d 666, 668 (4th Cir. 1963) and citing *Jaffe & Asher v. Van Brunt*, 158 F.R.D. 278, 280 (S.D.N.Y. 1994) and *Ali v. Mid-Atlantic Settlement Servs., Inc.*, 233 F.R.D. 32, 35 (D.D.C. 2006)).  Here, Defendants had actual notice not just of this lawsuit generally, but of the copy of the Complaint left at their Manhattan apartment.[2]

Not only does Defendants' admission conclusively establish their actual notice of the Complaint, it also shows that Defendants' Manhattan apartment was still their "dwelling or usual place of abode" when service was made on March 24, 2014.  According to Defendants, even after this date, the apartment was "still hired by the Consulate" and employees of the Consulate were still accessing the apartment and notifying Defendants of items left there for them.  *See* Islam Supp. Aff. ¶¶ 11; 19; Prova Aff. 12; 18.  Additionally, Defendants do not deny that they had access to the Manhattan apartment when service was executed on March 24.  Thus, this case is analogous to those cases in which service was properly made at the defendant's former residence, to which he still had access.  *See, e.g.*, *Dunn v. Burns*, 839 N.Y.S.2d 894, 895-96 (App. Div. 2007) (service was proper when left with defendant's wife at his former home, even though defendant was employed in and claimed to have permanently moved to the United Arab Emirates)[3]; *Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir. 1963) (service was proper when left

---

[2] Defendants' argument that the Court should disregard Defendants' actual knowledge of the Complaint because Defendants *first* heard about the lawsuit from a New York Daily News article on the day the Complaint was filed is completely unsupported and without merit.  *See* Reply Br. at 7.

[3] The case for effective service is even stronger here than in *Dunn* because in that case there was no evidence that the defendant had actual notice of the suit.

with defendant's wife at his former house in Maryland, even though the defendant had moved out of the house 20 days earlier and relocated to Arizona, intending never to return to Maryland).

Further, despite submitting two supplemental affidavits, Defendants still do not deny that they were home on March 22, 2014, when the process server knocked on the door of Defendants' apartment and "observed voices coming from the apartment, but no one answered the door." Hollingsworth Decl. (Ex. 7 to Opp'n Br.) ¶ 5; *see also* Return of Service (ECF No. 3).  Indeed, Defendant Islam confirms that he knew about the lawsuit as of that date.  *See* Aff. ¶ 10 ("I first learned of the lawsuit from people and later read the news article which was published in the New York Daily News on March 21, 2014.").  "Good faith efforts at service" – like Mr. Rana made here – "are effective particularly where the defendant has engaged in evasion, deception, or trickery to avoid being served."  *Ali*, 233 F.R.D. at 36.

## CONCLUSION

For the reasons set forth above, and in Plaintiff's Opposition Brief, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety.

June 24, 2014               */s/ Emily Shea*_____
                            Emily Shea (admitted *pro hac vice*)
                            DECHERT LLP
                            1900 K Street NW
                            Washington, D.C. 20006
                            Telephone: (202) 261-3300
                            Email: emily.shea@dechert.com

                            Dana Sussman
                            Safe Horizon Anti-Trafficking Program
                            50 Court Street, 8th Floor
                            Brooklyn, New York 11201
                            Telephone: (718) 943-8641
                            Email: dana.sussman@safehorizon.org

                            *Attorneys for Plaintiff Mashud Parves Rana*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2014, true and correct copies of the foregoing **Plaintiff's Surreply In Opposition To Defendants' Motion To Dismiss** were electronically filed with the clerk of the court using the CM/ECF System, which will send notice of such filing to the following counsel of record:

**Ellen M. Nichols**
ellen.m.nichols@gmail.com


Dated: June 24, 2014                             */s/ Emily Shea*
                                                          Emily Shea