```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MASHUD PARVES RANA,

                            Plaintiff,

        -against-

MONIRUL ISLAM and FAHIMA
TASHINA PROVA,

                            Defendants.

---

14-Cv-1993 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Mashud Parves Rana brings this action against his former employers, Monirul Islam and Fahima Tashina Prova, alleging violations of various federal and state labor and human trafficking laws. According to the complaint, in 2012 defendant Islam, then the Consul General of Bangladesh serving in New York City, "lured" plaintiff to the United States to be a domestic worker for Islam and his wife, defendant Prova, with promises of "good working conditions" but instead "maintained [Rana] here in forced labor in slavery-like conditions . . . threatening to beat him or kill him . . . physically assaulting him . . . withholding all compensation" from him, and forcing him to work 16 hours a day, for seven days a week, for more than eighteen months. (Compl. ¶¶ 2-3.) Now pending before the Court is defense counsel H. Bruce Fischer and Ellen Margaret Nichols' renewed motion to withdraw from this action. The Court concludes that defendants' continuing failure to cooperate in this litigation has rendered it unreasonably difficult for Fischer and Nichols to continue the representation. Moreover, withdrawal will not unduly delay this action. The Court therefore grants defense counsel's motion to withdraw.

## I. BACKGROUND

This action has a somewhat tortuous history. The parties have engaged in numerous discovery disputes, most brought about by the failure of Islam and Prova to participate in their own defense.

In July 2015, plaintiff informed the Court that defendants had failed to respond to interrogatories, to produce any requested documents, and to provide any initial disclosures. (Letter from Emily Shea dated July 2, 2015, Dkt. No. 46.) The Court issued an order compelling discovery and further directed that defendants' depositions occur no later than September 10, 2015. (Dkt. No. 48.) The Court subsequently extended that deadline to October 30, 2015. (Dkt. No. 53; Letter from Emily Shea dated Sept. 30, 2015, Dkt. No. 54.)

In October 2015 defense counsel filed their first motion to withdraw. According to counsel, defendants were not cooperating with them in defending this litigation, refused to

pay the attorney's fees they had agreed upon, and sought to discharge counsel. (Trans. of Pretrial Conference, Oct. 30, 2015 ("Oct. 30 Trans.") at 6:12-14, Dkt. No. 72; Affirmation of H. Bruce Fischer dated Jan. 4, 2016 ¶ 4, Dkt. No. 82.) Plaintiff opposed that motion, fearing that defense counsel's withdrawal would further delay this litigation.

During a pretrial conference held on October 30, 2015, defendant Islam unexpectedly telephoned from Morocco, where he was serving as the Ambassador of Bangladesh to Morocco. He stated on the record that he: (1) intended to participate in the litigation, (2) agreed to pay his counsel's invoices, and (3) consented to their continued representation of him and his wife. (Oct. 30 Trans. at 5:18-24, 10:24, 11:4-14; Fischer Affirmation ¶ 4.) On the basis of those representations, the Court denied without prejudice counsel's motion to withdraw and directed them to continue to represent Islam and Prova. (Oct. 30 Trans. at 14:4 to 15:5; Dkt. No. 60.)

At that same pretrial conference, Islam also stated that he was unable to attend a deposition outside Morocco unless the Bangladeshi government granted him permission to do so. (Oct. 30 Trans. at 8:25 to 9:6.) Islam, however, has never provided any evidence whatsoever—apart from his own word—that his government in fact had prohibited him from leaving Morocco. Nor did he state that he would attempt to obtain his government's permission nor that any such effort would be futile. Several weeks later, at the Court's direction, Nichols asked Islam to provide written proof of these facts, (Affirmation of Ellen M. Nichols dated Feb. 8, 2016 Ex. 1, Dkt. No. 95), but Islam has never responded. (Nichols Affirmation ¶ 13.)

Also during the October 30 conference, the parties agreed that the depositions of Islam and Prova would take place at the United States consulate in Casablanca, Morocco, (Oct. 30 Trans. at 11:18-20), and the Court ordered the depositions to take place by January 4, 2016. (Dkt. No. 60.) It now appears that the parties' agreement regarding the depositions' location was based on incomplete information. In December 2015, plaintiff's counsel notified the Court that she believed that the depositions could not take place in Morocco. The Court was informed that depositions can only occur in Morocco with the permission of that country's Ministry of Justice, and plaintiff's local Moroccan counsel had assured plaintiff that the ministry would refuse permission on the grounds that Islam has diplomatic immunity in Morocco. (Decl. of Emily Shea in Supp. of Plf.'s Mot. for an Order Requiring Defs. To Sit for Deps. in New York or London ¶¶ 9-13, Dkt. No. 64.) Plaintiff therefore moved to compel defendants to sit for depositions, not in Morocco, but rather in New York or London, (Dkt. No. 62.)

In response, the Court issued an order, (Dkt. No. 81), directing defendants to inform the Court by January 12 whether they intended to participate in discovery; whether Islam has any plans to leave Morocco in the following six months; and when Prova—who is not a diplomat—is available to be deposed in New York or London. The Court also directed that if Islam consents to be deposed in Morocco, he must inquire whether the Moroccan Ministry of Justice would allow him to do so if he waives his immunity. Defendants have never

responded to their attorneys' multiple inquiries seeking that information. (Nichols Affirmation ¶ 13.)

Shortly after plaintiff moved to compel the depositions, plaintiff filed a motion to compel the production of various documents to which defendants had either not objected or had objected allegedly without any basis. (Dkt. No. 68.) Defense counsel followed with this renewed motion to withdraw, (Dkt. No. 79), which plaintiff opposed, (Dkt. No. 88.) After a January 14 pretrial conference, the Court granted both of plaintiff's discovery motions. (Dkt. No. 93.) Defendants were ordered to produce the required documents by January 29 or to set forth why they did not have the documents and what steps they had taken to locate them. The Court also ordered that defendants sit for depositions in London or New York by March 4, 2016. As in several prior orders, (Dkt. Nos. 48, 60), the Court notified defendants that failure to comply would result in sanctions.

The Court deferred ruling on defense counsel's renewed motion to withdraw and instead directed defense counsel to file an affidavit documenting their attempts to communicate with their clients. On February 8, Nichols reported with specificity that she had sent her clients numerous emails and letters sent by DHL informing them in detail of the specific requirements of the several Court orders as well as potential consequences of any continuing failure to comply. (Nichols Affirmation ¶¶ 4-6, 10-12.) In addition, as the Court directed, Nichols set forth the range of sanctions that Fed. R. Civ. P. 37 authorizes if Islam and Prova continued to fail to comply with the Court's orders and the consequences that would follow, including the possibility of the entry of a default judgment against them. (Nichols Affirmation ¶¶ 10-12.)

These explicit notifications and warnings failed to produce compliance by defendants. Defendants have failed to reply to Nichols' January or February communications; they have ignored numerous discovery deadlines; and they have taken no steps of which the Court is aware to schedule the depositions due by March 4, 2016, in Casablanca, London, New York, or anywhere else. (Nichols Affirmation ¶ 13.)

Defendants' lack of communication and compliance is not a recent trend. The last communication defense counsel reports they have received from Islam occurred in December 2015 when Islam notified Fischer and Nichols that he again wished to discharge them, could not pay their fees, and would not participate in discovery. (Fischer Affirmation ¶ 5.) True to that communication—and despite Islam's October 30 representations—Islam has failed to pay his attorneys for any services then due or since rendered. (Fischer Affirmation ¶¶ 4-5.)

## II. LEGAL STANDARD

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides that an attorney may seek an order permitting her to withdraw as an attorney of record only upon a showing by "affidavit or otherwise of satisfactory reasons for withdrawal . . . ." S.D.N.Y. & E.D.N.Y. Local R. 1.4. The Court must consider "both the reasons for withdrawal and the impact of the withdrawal on the timing of

the proceeding." *Maharaj v. Red Shirt Entm't, LLC*, 14-cv-3486, 2015 WL 5730116 at *2 (S.D.N.Y. Sept. 17, 2015).

### III. DISCUSSION

It is well-settled that a client's knowing failure to participate in a litigation may justify withdrawal by counsel for that litigation. *See Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (collecting cases). Islam and Prova have failed to comply with several Court orders, including orders to provide information to the Court, to produce discovery, and to sit for depositions. (*See, e.g.*, Dkt. Nos. 47, 81, 93.) They have also failed to communicate with counsel for an extended period. This conduct has rendered it "unreasonably difficult," *Farmer*, 60 F. Supp. at 445, for Fischer and Nichols to carry out their duties, and the failure to cooperate justifies withdrawal. *Fischer v. Biman Bangladesh Airlines*, No. 96-cv-3120, 1997 WL 411446 at *1 (S.D.N.Y. July 18, 1997) (collecting cases).

Even if defendants' failure to cooperate by itself did not justify granting their counsel's request to withdraw, two additional grounds in combination certainly support their motion. First, defendants have failed to pay owed attorneys' fees, which is a "valid basis" for granting a motion to withdraw. *Melnick v. Press*, No. 06-cv-6686, 2009 WL 2824586 at *3 (E.D.N.Y. Aug. 28, 2009). *See S.E.C. v. Gibraltar Glob. Secs., Inc.*, No. 13-cv-2575, 2015 WL 2258173 at *2 (S.D.N.Y. May 8, 2015) (collecting cases). Second, defendants have several times expressed their intent to discharge counsel. (Fischer Affirmation ¶ 4 & Ex. A.) Although Islam retracted the discharge in the October 30, 2015 pretrial conference, he has since retracted the retraction. (Fischer Affirmation Ex. A.) A client's desire to sack his attorneys is "generally" a satisfactory reason to grant a motion to withdraw. *Gibraltar*, 2015 WL 2258173 at *2.

Withdrawal is also appropriate here because it is unlikely to disrupt the pace of the litigation. *Id.* at *3. Defendants' lack of participation has certainly stalled this action. But requiring counsel to represent Islam and Prova with the likelihood of not getting paid will not remedy that problem. Defense counsel has tried in vain to procure their client's cooperation for several months; plaintiff will not be in any worse position if these particular counsel cease to represent defendants.

### IV. CONCLUSION

Islam and Prova's continuing failure to respond to discovery requests and court orders, their failure to communicate with their counsel, their failure to pay their attorneys, added to their stated desire to terminate their attorneys all provide "satisfactory reason[]," Local Rule 1.4, to justify granting defense counsel's motion to withdraw. In addition, their withdrawal will most likely have no material effect on the pace of this litigation. Accordingly, Fischer and Nichols' renewed motion to withdraw as attorneys of record for defendants is granted. If defendants retain new counsel, that counsel must file a notice of appearance on or before March 29. Should defendants elect to proceed pro se, they must by the same date submit the mailing addresses, email addresses, and telephone number at which they may be reached to

the Court's Pro Se Office, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. Fischer and Nichols are directed to serve a copy of this order on defendants and to file proof of that service with the Court. As previously ordered, the Court will hold a pretrial conference in this action on March 31, 2016, at 2:30pm in Courtroom 23A at 500 Pearl Street, New York, New York.

Dated: New York, New York
       March 1, 2016

SO ORDERED:

Sidney H. Stein, U.S.D.J.