UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
MASHUD PARVES RANA,

                     Plaintiff,

    -against-

MONIRUL ISLAM and FAHIMA TASHINA PROVA,

                    Defendants.
---------------------------------------------------------------

14-Cv-1993 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    The Court has received defendants' May 10, 2019, motion to vacate the Court's May 4, 2018, Order and Judgment and to dismiss plaintiff's claims with prejudice and without costs. [Doc. No. 144] Defendants bring this motion with plaintiff's consent and pursuant to Federal Rules of Civil Procedure 41(a)(2) and 60(b)(5) and (6). For the following reasons, defendants' consent motion is denied.

    Plaintiff filed this action in March 2014. In May 2016, after defendants' extended, repeated, and multiple failures to cooperate in the litigation, the Court issued an opinion and order striking defendants' answer and directing the Clerk of Court to enter default judgment in plaintiff's favor [Doc. No. 108]. *Rana v. Islam*, No. 14-Cv-1993, 2016 WL 2758290 (S.D.N.Y. May 12, 2016). After holding a damages inquest, the Court awarded plaintiff $922,597.31 and directed the Clerk of Court to enter judgment for plaintiff in that amount [Doc. No. 120]. *Rana v. Islam*, 210 F. Supp. 3d 508 (S.D.N.Y. 2016).

    Defendants then sought appellate review. The U.S. Court of Appeals for the Second Circuit determined that it lacked jurisdiction to review the default judgment. *Rana v. Islam*, 887 F.3d 118, 121 (2d Cir. 2018). The Court of Appeals also resolved a split in the district courts by concluding that "courts may not award cumulative liquidated damages for the same course of conduct under both" the New York Labor Law and the Fair Labor

1

Standards Act. *Id.* at 119, 122–23. The Second Circuit vacated the damages award in part and remanded the action in order for this Court to update its damages calculation accordingly. *Id.* at 123. Following the issuance of the Second Circuit's mandate, this Court awarded plaintiff the recalculated total of $856,535.31 on May 4, 2018. [Doc. No. 139] That day, the Clerk of Court entered final judgment against defendants in the same amount. [Doc. No. 140] Now, a year later, the parties have entered into a confidential settlement agreement and seek vacatur of the May 4, 2018, order and final judgment. [Doc. No. 144]

Rule 41(a)(2) provides for dismissal of an action by court order "on terms that the court considers proper." Rule 60(b)(5) allows the Court to relieve parties from a judgment when, *inter alia*, the judgment has been satisfied or its prospective application would be inequitable. This provision may be invoked when there is a "significant change either in factual conditions or in law" that "renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (citation and internal quotation marks omitted). The Court can reopen a judgment under Rule 60(b)(6) for "any other reason that justifies relief"—a standard reserved only for extraordinary circumstances. *Buck v. Davis*, 137 S. Ct. 759, 777 (2017).

"[A]bsent 'exceptional circumstances,' parties are not entitled to vacatur" merely because of a subsequent settlement agreement. *Redeemer Comm. of Highland Credit Strategies Funds v. Highland Capital Mgmt., L.P.*, 253 F. Supp. 3d 722, 723–24 (S.D.N.Y. 2017). The Second Circuit and U.S. Supreme Court have cautioned against vacating judgments following settlements as a matter of course. *E. Savings Bank, fsb v. Strez*, 320 F.R.D. 9, 11 (E.D.N.Y. 2017) (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994); and *Mfrs. Hanover Trust Co. v. Yanakas*, 11 F.3d 381, 385 (2d Cir. 1993)). "In determining whether to vacate judgment, a court must balance the benefits of honoring the parties' settlement agreement against the public interest in the finality of judgments and the development of decisional law." *Austin v. Ford*, 181 F.R.D. 283, 285 (S.D.N.Y. 1998); *accord E. Savings Bank*, 320 F.R.D. at 11; *Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, 177 F.R.D. 184, 186 (S.D.N.Y. 1998).

In terms of the parties' interests, the fact that plaintiff does not oppose relief from the judgment weighs in favor of vacatur. *See E. Savings Bank*, 320 F.R.D. at 11. Yet, defendants have not explained how vacating the order and judgment would benefit both parties (nor have they even indicated that the settlement agreement is contingent on vacatur). *See Austin*, 181 F.R.D. at 286; *Jewelers Vigilance Comm.*, 177 F.R.D. at 187–88.

In terms of the public interest, vacatur would not impact the development of decisional case law, because the parties only seek to vacate the Court's order implementing the recalculation as directed by the Second Circuit. *See E. Savings Bank*, 320 F.R.D. at 11; *Jewelers Vigilance Comm.*, 177 F.R.D. at 188. They do not ask for vacatur of the Court's opinions in this case.

Nevertheless, vacatur "would condone wasteful utilization of the court's resources" and would perversely disincentivize settlement earlier in litigation. *Austin*, 181 F.R.D. at 286; *see also Young v. Cooper Cameron Corp.*, No. 04 Civ. 5968, 2008 WL 1748462, at *5 (S.D.N.Y. Apr. 15, 2008) ("If litigants know that the adverse effect of any precedent can be neutralized through a settlement, a litigant may be encouraged to consume judicial resources with abandon, secure in the knowledge that it may potentially settle its way out of the consequences of having sought resolution of the disputed question." (citing *Bancorp*, 513 U.S. at 28–29)). Here, as in other cases, "the parties fail to make any argument that theirs is the rare, exceptional case in which vacatur in light of settlement would be appropriate." *Redeemer Comm. of Highland Credit Strategies Fund*, 253 F. Supp. 3d at 724; *see also Clarke v. Castro*, No. 10 Civ. 6330, 2013 WL 686680, at *3–*6 (S.D.N.Y. Feb. 26, 2013).

Defendants merely make two assertions in conclusory fashion: first that following the settlement, the order and judgment now inaccurately appear unsatisfied; and second, that applying the order and judgment prospectively would be inequitable. The parties have not represented that the $856,533.31 judgment has been paid in full. That the parties may now prefer the payment of a different amount does not render the Court's judgment inaccurate or inequitable.

IT IS HEREBY ORDERED that defendants' consent motion is denied.

Dated: New York, New York
       May 23, 2019

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.